UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHAN EPPERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br><br>ORACLE CORPORATION,<br><br>　　　　　Defendants. | **15-cv-724 LJO-BAM**<br><br><br>**ORDER GRANTING IFP**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Docs. 3 & 4)** |

**INTRODUCTION**

On May 11, 2015, Chris Jonathan Epperson ("Plaintiff"), appearing pro se, filed two applications to proceed in forma pauperis. (Docs. 2 & 3). A review of the applications reveal that Plaintiff is entitled to proceed in forma pauperis and his applications are GRANTED. Plaintiff has also filed a complaint and has named Oracle Corporation as a Defendant in this action ("Defendant"). (Doc. 1). The court has screened the complaint and finds that the complaint should be dismissed with leave to amend.

///

///

///

1

## DISCUSSION

A.       Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949.

In reviewing a complaint under this standard, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342

(9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*). Accordingly, pro se plaintiffs are afforded the benefit of any doubt. *Id*.

B.     Plaintiff's Allegations

Plaintiff has filed several documents in this case. The first document is a sample complaint that only names the Oracle Corporation as a Defendant. (Doc. 1). He has subsequently filed two additional notices that also identify Oracle Corporation as a Defendant. (Docs. 6 & 8). It appears that Plaintiff is seeking $ 37.5 million in damages. However, none of documents filed allege any facts or causes of action, therefore, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff will be given an opportunity to amend his complaint and is provided with the information below to assist him with filing an amended complaint.

C.     Analysis

Based on the limited information in the complaint, it appears that the Plaintiff cannot establish that federal jurisdiction is proper. Federal courts can only adjudicate cases authorized by the United States Constitution and Congress. Generally, this includes cases in which: 1) diversity of citizenship is established (the matter in controversy exceeds $75,000 and is between citizens of different states), 2) a federal question is presented, or 3) the United States is a party. 28 U.S.C. §§ 1331 and 1332; *See also*, *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).

Here, Plaintiff has named the Oracle Corporation as a Defendant. If the Oracle Corporation's headquarters is located in Redwood, California, it is a citizen of California. Plaintiff is also a citizen of California. As a result, diversity jurisdiction cannot be established. Similarly, Plaintiff has not presented a federal question, or named the United States as a party. Plaintiff is advised that any amended complaint must allege facts that establish this Court's jurisdiction.

Finally, any amended complaint must allege facts and a cause of action that outlines Plaintiff's claims. Simply listing the parties or causes of action is not sufficient. Plaintiff must explain his case with specificity. As noted above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949. Plaintiff must state the facts of the alleged conduct which purportedly caused harm. Plaintiff must allege the who, what, when, where and why of his claim against Oracle.

D.    *Leave to Amend the Complaint*

In light of the above, Plaintiff is given leave to amend the claims that are addressed herein. In doing so, he shall consider the standards set forth in this order and only file an amended complaint if he believes federal jurisdiction is proper and his claim is cognizable. If Plaintiff chooses to file a First Amended Complaint, the document shall bear the docket number assigned in this case and be labeled "First Amended Complaint." Plaintiff is advised that an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220.

It is noted that Plaintiff has been filing several miscellaneous documents. Plaintiff shall include all of his allegations and causes of action in the First Amended Complaint rather than continuously filing documents. Any complaint that is filed in addition to the First Amended Complaint will be stricken.

**ORDER**

For the reasons set forth above, the Court finds that this Court lacks jurisdiction to consider Plaintiff's case and that Plaintiff has failed to state a claim. However, Plaintiff will be given leave to amend the complaint to cure these deficiencies. Based on the foregoing, it is HEREBY ORDERED that:

1. No later than **July 30, 2015**, Plaintiff must file a First Amended Complaint curing the deficiencies identified by the Court in this order; and

2. Plaintiff is advised that *failure to file a First Amended Complaint within the time specified, will result in dismissal of this action for failure to obey a court order*.

IT IS SO ORDERED.

Dated: **June 12, 2015**            /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE

5