UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHAN EPPERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>ORACLE CORPORATION,<br><br>  Defendant. | Case No. 1:15-cv-724 LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

### **SCREENING ORDER**

Plaintiff Chris Jonathan Epperson ("Plaintiff") is proceeding *pro se* and in forma pauperis in this action. Plaintiff initiated this action on May 11, 2015. On June 15, 2015, the Court screened Plaintiff's Complaint and dismissed it with leave to amend. (Doc. 11). Plaintiff's Second Amended Complaint ("SAC") filed on June 22, 2015, is before the Court for screening.[1] (Doc. 14). Plaintiff names Oracle Corporation as the Defendant. His SAC consists of a list of federal statutes and a brief incoherent paragraph stating that Defendant Oracle violated "the right of infringement." (Doc. 14). The Court RECOMMENDS that Plaintiff's SAC be DISMISSED

---

[1] After the dismissal of his initial complaint, Plaintiff filed a First Amended Complaint, a third application to proceed informa pauperis, and several other documents. (Docs. 12-16). Plaintiff is advised that this Court has carefully reviewed and considered all of the filings, declarations, and/or exhibits. Any omission of a reference to any specific filing is not to be construed that the Court did not consider the argument or brief.

1

without leave to amend.

**A.       Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court applies the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.

**B.       Plaintiff's Allegations**

The Court has reviewed Plaintiff's Second Amended Complaint and finds it must be dismissed. Plaintiff has filed multiple documents in this case. The first document is a sample complaint that only names the Oracle Corporation as a Defendant. (Doc. 1). Plaintiff subsequently filed two additional notices, a First Amended Complaint, a third Motion to Proceed in forma pauperis, a declaration stating that all of his statements are true under penalty of perjury, his operative SAC, two supplements restating the identical paragraph in his SAC (Docs. 17, 18); a supplement asking the court to subpoena "Sergey Brin- Google, Bill McDermott-SAP, Andreessen Horowitz- Hewitt Packard" as witnesses (Doc. 19); and an exhibit listing eight federal statutes (Doc. 19). Plaintiff's operative SAC states:

> Oracle violated the Law or right of infringement; what happen was Oracle lied and defrauded the State. When asked to meet deadline they were appointing the

evidence of hypothetical proper legal damages.  Oracle became a dispute base upon discrimination pertaining to State Health Insurance about many bugs in the system.  Why did Oracle Federal due dates failed to lie and defrauded the State base upon Government evidence (evident tampeeron discreet.) [all sic].
(Doc. 14).

## DISCUSSION

A.     **Plaintiff's Complaint Fails to Comply with Rule 8**

Plaintiff's complaint does not contain a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).

Plaintiff's Second Amended Complaint fails to comply with the standards set forth in Rule 8. Plaintiff's claims are not "short and plain" or "simple, concise, and direct," as required by Rules 8(a) and 8(d)(1).  *Twombly*, 50 U.S. at 555.  Rather, the SAC and the supporting supplemental filings consist of incoherent statements that appear to vaguely accuse Oracle of "infringement," interspersed with a disjointed list of federal statutes. (Docs. 12, 14, 15, 17, 18, 19, 20).  Plaintiff was warned in this Court's prior order that in order to state a claim, Plaintiff cannot simply list the parties and causes of action, but he must explain his case with specificity and factual detail. (Doc. 11). Instead of submitting a complaint that alleges the "who, what, when, where, and why," Plaintiff's SAC lists eight federal statutes with no supporting detail demonstrating Defendant's conduct, how Defendant is involved in this case, or how Defendant's conduct resulted in a deprivation of Plaintiff's constitutional rights. Accordingly, Plaintiff's Second Amended Complaint does not state a claim for relief.

The Court previously granted Plaintiff leave to amend with instructions on how to amend his complaint in compliance with Rule 8. Nonetheless, the Second Amended Complaint still consists almost entirely of rambling and implausible allegations. As Plaintiff has had ample opportunity to correct the deficiencies in his complaint, and he continues to make the same conclusory and incoherent allegations against Defendant, the Court finds that any further attempt to amend would be futile.

**B.** **No Leave to Amend**

Plaintiff's Second Amended Complaint fails to state a claim for which relief can be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints based upon the same bare and incoherent facts that do not state facts supporting his complaint. As Plaintiff has had ample opportunity to correct the deficiencies in his complaint, and he continues to make the same conclusory and incoherent allegations which the Court previously advised plaintiff are insufficient, the Court finds that any further attempt to amend would be futile.

**CONCLUSION AND RECOMMENDATIONS**

Based on the above, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** as follows:

1. Plaintiff's Second Amended Complaint be DISMISSED, without leave to amend, for failure to state a cognizable claim;
2. The Clerk of the Court be directed to close this case;
3. All pending motions, if any, be terminated.

These findings and recommendations are submitted to the United States District Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Within fifteen (15) days after the date of this Finding and Recommendation, the parties may file written objections with the Court. The document should

be captioned "Objections to Magistrate Judge's Finding and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 13, 2015**                    /s/ Barbara A. McAuliffe
                                                                UNITED STATES MAGISTRATE JUDGE